**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **ROSE HANDON-BROWN,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. RWT 13cv3223 |
| **WASHINGTON SUBURBAN SANITARY COMMISSION,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Before the Court is Defendants' Motion to Dismiss. Because Plaintiff has failed to establish this Court's jurisdiction, and for the reasons stated below, the Motion shall be granted, and Plaintiff's Complaint shall be dismissed.

## BACKGROUND

**I.   Facts**

Plaintiff Rose Handon-Brown began her employment with Defendant Washington Suburban Sanitary Commission ("WSSC") on November 6, 2006 as a full-time, permanent employee. EFC. No. 21-2 at 4. In 2008, Handon-Brown was diagnosed with Degenerative and Rheumatoid Arthritis. ECF No. 1 at 5. As a result of her diagnosis, Handon-Brown wrote a letter dated June 6, 2008, notifying WSSC of her disability and requesting to work from home. ECF No. 23-3. About a month later, on July 29, 2008, Handon-Brown's doctor sent WSSC a letter describing Handon-Brown's difficulty in getting to work due to her physical restrictions,

and requested that she work her required 8 hours from home. *Id*. Ultimately, Handon-Brown claims, WSSC denied her request to work from home.[1] ECF No. 1 at 5.

Handon-Brown claims that, from May 1, 2009 to March 14, 2010, WSSC discriminated against her based on her disability, failed to provide her with a reasonable accommodation, and retaliated against her due to her request for a reasonable accommodation.[2] ECF No. 21-2 at 4. Handon-Brown was removed from work on March 14, 2010, pursuant to her physician's instruction. *Id*. Although Handon-Brown never returned to work after this date, she remained in the WSSC Human Resources system as a full-time, regular Information Support Aide on personal injury/illness leave. ECF No. 27-1 at 2. On March 9, 2011, WSSC sent Handon-Brown a letter notifying her that her personal injury/illness leave status would expire March 16, 2011, and further notified her of her right to request an accommodation under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.*, by submitting two forms, one to be completed by her doctor. ECF No. 27-1 at 2. Thereafter, WSSC sent two more letters, dated April 11 and July 15, 2011, requesting receipt of the required doctor's certification form by August 5, 2011 and informing Handon-Brown that her failure to submit the required form would result in termination of her employment. *Id*. at 3-4. After Handon-Brown again failed to submit the required form, WSSC sent her a final letter notifying her of her termination on August 23, 2011. *Id*. at 5. On August 26, 2011, Handon-Brown faxed the proper doctor's certification form, and WSSC elected not to proceed with her termination. ECF No. 27-2 at 1.

---

[1] Handon-Brown claims that WSSC's failure to provide her with a reasonable accommodation, to work from home, forced her to go into retirement. However, there is no evidence in the record to show that WSSC ever denied Handon-Brown's request. Since this Court lacks subject matter jurisdiction, we need not further address this issue.

[2] In addition to naming WSSC as a Defendant, Handon-Brown amended her complaint to add Joan Allen, Kathy Balderson and Laurie Young as Defendants. These individual Defendants are entitled to dismissal because they are not employers within the meaning of the ADA.

Handon-Brown resigned from her employment on August 31, 2013, and elected to take a non-job related disability retirement from WSSC in September of that year. ECF No. 21-5 at 3.

## II. EEOC Procedure

On January 3, 2010, Handon-Brown sent a letter to the Equal Employment Opportunity Commission ("EEOC"), stating that she would like to "file a charge against Washington Suburban Sanitary Commission."  ECF No. 23-1.  The EEOC replied to Handon-Brown's "inquiry and/or correspondence" on January 21, 2011.  ECF No. 6-1.  The EEOC replied that, should Handon-Brown's information be eligible for processing, a draft charge on an EEOC Charge Form would then be sent for her review.  *Id*.  A Charge of Discrimination was filed by Handon-Brown with Prince Georges County Human Relations Commission and the EEOC on June 8, 2011, claiming that discrimination occurred between the dates of May 1, 2009 to March 14, 2010.[3]  ECF No. 21-2.  On June 27, 2011, a Notice of Charge of Discrimination was completed in order to be sent to WSSC.  *Id*.  The EEOC issued Handon-Brown a right to sue letter on July 30, 2013.  ECF No. 6-3.  She subsequently filed suit in this Court *pro se*.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) presents a threshold challenge to the Court's subject matter jurisdiction.  A motion to dismiss based on a lack of subject matter jurisdiction addresses the question of whether the Court has authority to hear the case.  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The Court may proceed with the jurisdictional challenge in two ways, either as a facial challenge or a factual challenge.  *Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009).

---

[3] The EEOC Charge of Discrimination does not allege retaliatory termination since that event happened after its filing, nor did Handon-Brown file an additional EEOC charge, or amend the charge to allege retaliatory termination.

When a defendant asserts a factual challenge to jurisdiction, a court may consider evidence outside of the pleadings in order to resolve the dispute. *Kerns*, 585 F.3d at 193. Once challenged, the burden of proof rests on the plaintiff or nonmoving party who "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991). If the material jurisdictional facts are not in dispute, the moving party is entitled to prevail as a matter of law. *Id.*

## ANALYSIS

### I.  Plaintiff Failed to Exhaust All Administrative Remedies

Because the ADA incorporates the procedures applicable to actions under Title VII, a plaintiff must exhaust all administrative remedies before bringing an ADA claim in federal court. *Talbot v. U.S. Foodservice, Inc.*, 191 F.Supp.2d 637, 639-40 (D. Md. 2002). The ADA requires a plaintiff to file a charge of discrimination in a specified time "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). If the aggrieved person initially instituted proceedings in a "deferral state," i.e. a state that has a state or local agency with the authority to grant relief, the deadline is extended to 300 days. *Id.* Since Maryland is a deferral state, Handon-Brown had 300 days from the date of the alleged unlawful employment practice to file her charge of discrimination. *Kline v. Home Depot, Inc*. 2009 WL 2246656, at *4 (D. Md. 2009.

WSSC argues that Handon-Brown's claim is time-barred since she failed to meet the 300 day requirement. In this case, the charge of discrimination was filed on June 8, 2011 with the Prince George's County Human Relations Commission. The date of the charge was five months past the 300 day deadline, which would have been January 8, 2011. However, Handon-Brown

claims that the initial charge was filed on January 3, 2011, via her faxed letter to the EEOC. As a response, Defendant argues that the January 3 letter is unsworn and lacks the required information concerning the address of the defendant, the dates of the allegedly discriminatory conduct, the approximate number of employees working for respondent, and the existence of any other state or local proceedings involving the alleged unlawful practices of which she complains. Furthermore, Defendant argues, if the Plaintiff were to rely on the EEOC "catch all clause," she still does not meet the minimum requirements of 29 C.F.R. § 1601.12(b) since the letter is completely devoid of: 1) any explanation from the Plaintiff as to the relief she is seeking; and 2) a request from some form of specific action by the EEOC.  ECF No. 27 at 2, *citing Merchant v. Prince George's County*, MD, 948 F. Supp. 2d 515, 520 (D. Md. 2013).

The administrative process begins with the filing of a charge, which serves two principal purposes: 1) it notifies the charged party of the asserted violation; and 2) it brings the charged party before the EEOC and effectuates the primary goal of securing voluntary compliance with the law. *Balas v. Huntington Ingalls Industries, Inc*., 711 F.3d 401, 406-07 (4th Cir. 2013). The "charge itself serves a vital function in the process of remedying an unlawful employment practice." *Id*. at 407.  In *Balas*, the employee argued that the EEOC questionnaire and letter she sent to the agency should have been considered as part of the charge, since the intake questionnaire had attached a letter laying out her complaints in greater detail, including the denial of opportunities for promotions, a "personal vendetta" of the human resources representative against the plaintiff, and circumstances she believed to contribute to a sexually hostile work environment. *Id*. at 405.  However, the Fourth Circuit noted that "a federal court may only consider those allegations included in the EEOC charge." *Id*. at 407.  Since the primary purpose of a charge is to put the charged party on notice of the claims, the court held

that intake questionnaires and letters submitted to the EEOC cannot be read as part of a formal discrimination charge without "contravening the purposes of Title VII." *Id*. at 408. The above reasoning applies with even more force here, because Handon-Brown's initial letter contained significantly less detail than the questionnaire in *Balas*. Thus, Handon-Brown cannot rely on her January 3, 2011 letter as an official charge. In fact, the EEOC referred to the January 3 letter as an "inquiry/and or correspondence" and further stated that the letter sent was used to "determine whether [the EEOC] ha[s] jurisdiction to begin the investigative process." ECF No. 6-1. If the EEOC determined that Handon-Brown was eligible for processing, only then would a charge be drafted. Under these facts, Handon-Brown's charge of discrimination was not the January 3, 2011 letter, but the June 8 charge.

In addition, as WSSC correctly argues, Handon-Brown offers no evidence that WSSC ever received the initial letter, circumventing the purpose of placing the charged party on notice of the asserted violation and effectuating voluntary compliance. *See Balas*, 711 F.3d at 406-07. WSSC's first exposure to this letter was after the filing of suit in this Court, almost one year after the conclusion of the administrative process. EFC No. 27 at 4. Thus, WSSC could not have known that Handon-Brown's asserted violation was initiated on January 3, 2011. Accordingly, Handon-Brown has failed to exhaust all administrative remedies and therefore this court does not have subject jurisdiction over her matter.[4]

## II.     The Formal Charge was not Amendment to January 2011 "Charge"

It is true that, while a charge of discrimination requires verification by oath or affirmation under 42 U.S.C. § 2000e–5(b), a Plaintiff may amend a charge to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made

---

[4] Plaintiff's claim that she was terminated due to discrimination also fails because she has failed to exhaust administrative remedies. Plaintiff did not include this claim in her original EEOC charge, ECF No. 21-2, and did not amend this charge to allege discriminatory termination after she resigned her employment in 2013.

therein. 29 C.F.R. § 1601.12(b).  Plaintiff may be attempting to argue that her initial letter to the EEOC should be considered a charge that was amended via the official EEOC charge filed in June.

An EEOC intake questionnaire or other similar document may be considered a charge of discrimination for purposes of the limitations period if it complies with the EEOC's regulatory standards *and* could reasonably be considered a request by the employee for the agency to vindicate her rights. *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).  Under the applicable regulations, an EEOC charge should include "a clear and concise statement of the facts, including the pertinent dates, constituting the alleged unlawful employment practices." *Angolli v. Office Depot, Inc.*, 548 Fed. Appx. 871, 876 (4th Cir. 2013).  The regulations specifically state that "a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 U.S.C. § 1601.12(b).

Unlike *Holowecki*, where the plaintiff's intake questionnaire was supplemented with a detailed six-page affidavit stating "[p]lease force the Federal Express to end their discrimination plan," *Holowecki*, 552 U.S. at 405, Handon-Rose's letter fails to identify any remedial action for the EEOC to take nor does it explain what relief she is seeking. *EEOC v. Freeman*, 2010 WL 1728847, at *7 (D. Md. 2010).  While the letter sets forth Handon-Brown's desire to file a charge, without more, it does not amount to a request for the EEOC to take action.  She also fails to provide, with specificity, relevant dates for discrimination or retaliation by her supervisor. Ultimately, this Court has concluded that individuals who fail to file timely charges cannot bring such claims, and if Congress had intended to permit a plaintiff to file a charge by presenting an

unsworn letter lacking detail, it could have easily done so. See *Freeman*, 2010 WL 1728847 at *1.

Handon-Brown's January 3 letter does not meet the clear requirements established by Fourth Circuit precedent or the statute, and thus cannot constitute a charge of discrimination sufficient to invoke subject matter jurisdiction of this Court.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) [ECF No. 21] and dismiss the Complaint with prejudice. [ECF No. 1]. A separate Order follows.

Dated: March 11, 2015                                    /s/
                                            ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE